further findings in light of  too cursory  and  precious little fact finding  by the lower

court).

Finally, the plaintiffs  argument that any asserted obligation to arbitrate is unenforceable

under the Connecticut statute of frauds was dealt with by the Court in a short paragraph

and with the prefatory statement that  even assuming that plaintiffs were not relying on the

agreement that they argue is unenforceable, . . .  Recomm ended Ruling, p. 6.  Absent is

any analysis of whether a title insurance policy is in fact a contract to which the statute

applies, any identification of the acts identified as partial performance and any indication of

whether part performance needs to be referable to the policy as a whole or the arbitration

clause contained in it.


C.  The Court Erred In Its Interpretation Of The Scope Of The Arbitration Clause.

Should this Court s determination that all of the plaintiffs are subject to a valid and

enforceable agreement to arbitrate be sustained on appeal, there will still remain the

question of whether it properly defined the scope of that agreement.

The arbitration clause contained in the policies reads, in its entirety, as follows:

> Unless prohibited by applicable law, either the Company or the insured
> may demand arbitration pursuant to the Title Insurance Arbitration Rules
> of the American Arbitration Association.  Arbitrable matters may include,
> but are not limited to, any controversy or claim between the Company and
> the insured arising out of or relating to this policy, any service of the
> Company in connection with its issuance or the breach of a policy provision
> or other obligation.  All arbitrable matters when the Amount of Insurance

16

is $1,000,000.00 or less shall be arbitrated at the option of either the
Company or the insured. All arbitrable matters when the Amount of
Insurance is in excess of $1,000,000.00 shall be arbitrated only when
agreed to by both the Company and the insured. Arbitration pursuant
to this policy and under the Rules in effect on the date the demand for
arbitration is made or, at the option of the insured, the Rules in effect
at Date of Policy, shall be binding upon the parties. The award may include
attorneys fees only if the laws of the state in which the land is located
permit a court to award attorneys fees to a prevailing party. Judgment
upon the award rendered by the Arbitrator(s) may be entered in any
court having jurisdiction thereof.
The law of the situs of the land shall apply to an arbitration under the
Title Insurance Arbitration Rules.
A copy of the Rules may be obtained from the Company upon request.

In holding that all of the plaintiffs claims are arbitrable, the Court referred to that part of

the clause which states that [a]rbitrable matters may include, but are not limited to, any

controversy or claim between the Company and the insured arising out of or relating to this

policy, any service of the Company in connection with its issuance or the breach of a policy

provision or other obligation. Recommended Ruling, p. 7.

That portion of the clause cited by the Court would, standing alone, certainly be

considered a broad arbitration clause. However, it is only a portion of the entire clause.

The next two sentences in the clause link arbitrable matters to the Amount of

Insurance and the presence of these sentences raises the question of whether a restriction

or limitation of arbitrable matters to claims for insurance payable under the policy is

intended. Or, put another way, does the presence of this language modify and restrict the

otherwise broad language cited by the Court

Focusing solely on the broad language part of the clause alone is incorrect because all

17

parts of the arbitration clause are supposed to be given effect. At a minimum, the clause, when read in its entirety, is ambiguous as to whether or not arbitrable matters are only those involving claims for indemnity. Since this clause was drafted by the defendant, and not negotiated between the parties, the rule that ambiguity in insurance policies is to be construed against the drafter comes into play. In the plaintiffs view, the clause is less a broad clause than a hybrid clause limited by its own language to claims for indemnity under the policy. Since the only claims that are being made for indemnity on a policy in this case are those of the plaintiffs, Bird Peak Corporation and Aleardo Ceppi, for indemnity for title to the road not being as insured and for the effect of the same on the right-of-way insured to Aleardo Ceppi, and since those are only two of the numerous claims being made by the plaintiffs, the remaining claims should all be considered non-arbitrable.

III. No Harm Will Come To The Defendant If A Stay Is Granted.

Plaintiffs can conceive of no harm that the defendant would suffer if arbitration were stayed until their appeal is determined and would further point out that they have waited for seven years while the defendant attempted unsuccessfully to gain for them through litigation the title it had insured to the Bird Peak Corporation.

IV.  The Public Interest Weighs In Favor Of Granting A Stay.

Title insurance is a pervasive and integral part of the real estate industry, affecting consumers and large institutions alike.  The plaintiffs have raised numerous issues involving the construction of title insurance policies and the application thereto of general principles of contract law, some of which, to their knowledge, have not been previously been considered by courts.  All parties would benefit from a more exhaustive consideration of the plaintiffs  claims.

For the foregoing reasons, the plaintiffs submit that all prerequisites for the issuance of a stay have been satisfied and they ask the Court to grant their motion.

PLAINTIFFS

By_____
          Henry C. Winiarski Jr.
           941 Wethersfield Avenue
          Hartford, CT 06114-3137
          Phone: 860-296-2127
          Fax: 860-296-2131
          Fed. Bar No. ct00091

19

I certify that a copy of the foregoing memorandum
was mailed, postage prepaid, on October ___, 2003,
to:


Jonathan S. Bowman, Esq.
Cohen & Wolf
1115 State Street
P.O. Box 1821
Bridgeport, CT 06601-1821

        and

David A. Ball, Esq.
Cohen & Wolf
 1115 State Street
P.O. Box 1821
Bridgeport, CT 06601-1821


_____
   Henry C. Winiarski Jr.